IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY and CATHERINE WENSKUS, Administrator of the Fund, <br><br> Plaintiffs, <br><br> v. <br><br> MUNSTER SPECIALTY SURGERY LLC, an Indiana limited liability company, <br><br> Defendant. | Case No. 19-cv-517 |

## COMPLAINT

Plaintiffs Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (the "Fund") and Catherine Wenskus, Administrator of the Fund ("Wenskus"), by their attorney Katherine Mosenson, for their Complaint against Defendant Munster Specialty Surgery LLC, an Indiana limited liability company, state:

### JURISDICTION

1. Jurisdiction is based on Sections 502(a)(3)(B), 502(e), and 502(g) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3)(B), (e), and (g); 28 U.S.C. § 1331; 28 U.S.C. § 1367; and federal common law.

### VENUE

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391 (a) and (b).

## PARTIES

3.     The Fund is and was at all times relevant a multiemployer employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1). The Fund has offices, conducts business, and is administered within this District. As a multiemployer employee welfare benefit plan, the Fund provides health and welfare benefits to participants pursuant to the terms of the controlling plan document ("Plan"). The relevant portions of the Plan and the Summary Plan Description are attached to this Complaint as Exhibits A and B, respectively.

4.     Wenskus is the Administrator of the Fund, and has been duly authorized by the Fund's Trustees to act on behalf of the Fund in the collection of all amounts owed to the Fund. With respect to such matters, Wenskus is a fiduciary of the Fund within the meaning of 29 U.S.C. § 1002(21)(A).

5.     Defendant Munster Specialty Surgery LLC ("Munster") is an Indiana limited liability company. Munster is and was at all times relevant a medical care provider which received benefits from the Fund at the behest of a Fund participant, and is therefore a beneficiary within the meaning of 29 U.S.C. §1002(8). Under the terms of the Plan, Munster is and was at all times relevant a "non-network provider," a medical care provider who has not negotiated discounted rates with Blue Cross Blue Shield, the organization through which the Fund offers medical benefits.

## STATEMENT OF FACTS

6.     Fund participant Joseph Gaunt ("Gaunt") received certain medical services from Munster on January 2, 2018.

7.     Munster billed the Fund $89,764.00 for the January 2, 2018 services rendered to Gaunt. This amount was comprised of four separate charges for medical services: $75,000.00;

$2,664.00; $1,600.00; and $10,500.00. A copy of the electronic claim is attached to this Complaint as Exhibit C, and the corresponding Explanation of Benefits ("EOB") is attached as Exhibit C-1.

8. Pursuant to the terms of the Plan, the Fund pays non-network providers only the Eligible Amount allowed by the Fund's network provider, Blue Cross Blue Shield. The Eligible Amount is the usual and customary charge for the type of medical procedure in that geographic area.

9. The Fund paid Munster via check on January 25, 2018 the amount of $25,277.00, which represented the Eligible Amount allowed by Blue Cross Blue Shield, less a $200.00 yearly deductible and $1,500.00 in co-insurance charges to be paid by Gaunt. Because Munster is a non-network provider, Gaunt was also responsible for the billed charges not paid by the Fund.

10. On September 27, 2018, Munster submitted an adjusted claim to the Fund for Gaunt's January 2, 2018 medical services. The stated reason for the adjustment is "Charges Billed in error". A copy of the electronic adjusted claim is attached to this Complaint as Exhibit D, and the corresponding EOB is attached as Exhibit D-1

11. The September 27, 2018 adjusted claim removed all charges except the $2,664.00 and $1,600.00 services. Of the adjusted claim's total, $4,264.00, the Eligible Amount allowed by Blue Cross Blue Shield was $64.97.

12. Upon receipt of the adjusted claim, the Fund Office requested Munster reimburse the Fund $25,212.03, or the difference between the original claim's Eligible Amount and the adjusted claim's Eligible Amount. A copy of the reimbursement request is attached to this Complaint as Exhibit E.

13. Munster sent a letter dated October 11, 2018 to the Fund, denying the Fund's request for reimbursement. A copy of Munster's October 11, 2018 letter is attached to this Complaint as Exhibit F.

14. On October 23, 2018, the Fund Office sent a letter to Munster requesting "the operative report and any other corresponding medical records pertaining to" Gaunt's January 2, 2018 medical services.

15. On November 1, 2018, Munster submitted a second adjusted claim, which claim had removed the same charges as the September 27, 2018 adjusted claim. Munster did not respond to the Fund's October 23, 2018 request for relevant medical records.

16. On January 8, 2019, Fund Counsel mailed a final demand for reimbursement to Munster, which letter indicated that failure to repay the Fund within ten days of Munster's receipt of the letter could result in a federal lawsuit being filed.

17. The letter was received on January 10, 2019, but Munster has neither reimbursed nor contacted the Fund.

18. Permitting Munster to retain the overpayment would result in a reduction of assets available to the Fund and Fund participants.

## COUNT I
### (Equitable Action to Enforce the Plan Pursuant to ERISA)

19. Paragraphs 1 through 18 of this Complaint are incorporated by reference as though fully set forth herein.

20. Pursuant to §502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), the Fund seeks recovery of monies from Munster that are the result of an overpayment for medical services provided to Fund participant Gaunt.

21. Article 4, Section 5 of the Plan states in relevant part:

> Whenever payments have been made by the Trustees with respect to charges in a total amount at any time in excess of the maximum amount of payment required under the provisions of this Plan, the Trustees shall have the right to recover such payments, to the extent of such excess, from among one or more of the following, as the Trustees shall determine: (a) any persons to… whom such payments were made;…

See Exhibit A.

22. Munster, by submitting the two adjusted claims removing all but $64.97 of the Eligible Amount, admits that it was not entitled to the original amount paid by the Fund, $25,277.00, and that the Fund therefore overpaid Munster by $25,212.03.

23. Munster has failed to reimburse the Fund this excess payment.

24. By refusing to repay the Fund, Munster has retained a benefit which belongs to the Fund, thereby enriching itself at the expense of the Fund and Fund participants in violation of the Plan.

WHEREFORE Plaintiffs respectfully request this Court enter a judgment in favor of the Fund against Defendant Munster Specialty Surgery LLC:

A. Ordering Munster Specialty Surgery LLC to reimburse the Fund $25,212.03;

B. Awarding Plaintiffs their reasonable attorneys' fees and costs incurred in obtaining said reimbursement; and

C. Awarding Plaintiffs any further relief as the Court deems appropriate.

### COUNT II
### (Unjust Enrichment)

25. Paragraphs 1 through 18 and 19 through 24 of this Complaint are incorporated by reference as though fully set forth herein.

26.     The Fund states a claim for unjust enrichment under the federal common law of ERISA pursuant to 28 U.S.C. §1331 or, in the alternative, 28 U.S.C. §1367.

27.     The Fund in good faith mistakenly overpaid Munster in the amount of $25,212.03.

28.     The Fund has a reasonable expectation of repayment according to the terms of the Plan, specifically Article 4, Section 5, quoted in Paragraph 21, *supra*.

29.     According to the terms of the Plan, Munster should reasonably have expected to reimburse the Fund for the benefit overpayments it received.

30.     The Fund is entitled to recover $25,212.03 from Munster.

31.     By refusing to reimburse the Fund the $25,212.03 in overpayments it has retained, Munster has had a benefit conferred upon it by the Fund which belongs to the Fund, and thereby unjustly enriched itself at the expense of the Fund and the Fund participants.

WHEREFORE Plaintiffs respectfully request this Court enter a judgment in favor of the Fund against Defendant Munster Specialty Surgery LLC:

A.     Ordering Munster Specialty Surgery LLC to reimburse the Fund $25,212.03;

B.     Awarding Plaintiffs their reasonable attorneys' fees and costs incurred in obtaining said reimbursement; and

C.     Awarding Plaintiffs any further relief as the Court deems appropriate.

January 25, 2019                                    Respectfully submitted,
                                                    Laborers' Welfare Fund, et al.

                                                    By: /s/ Katherine Mosenson

Office of Fund Counsel
111 West Jackson Boulevard
Suite 1415
Chicago, IL 60604
(312) 692-1540